UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

In re:

ALICE PHILLIPS BELMONTE                                    Chapter 7

                                                                         Case No. 12-76045 (AST)

                  Alleged Debtor.

-------------------------------------------------------------X

## OBJECTION OF COUNSEL FOR ALLEGED DEBTOR ALICE PHILLIPS BELMONT TO TRUSTEE'S APPLICATION FOR AN ORDER TO RETAIN RICH MICHAELSON MAGALIFF MOSER, LLP AS COUNSEL FOR CHAPTER 7 PROCEEDINGS.

       Alice Phillips Belmonte, through counsel, respectfully objects to the application to retain the law firm RICH MICHAELSON MAGALIFF MOSER, LLP as counsel for the Trustee for these proceedings.

## FACTUAL BACKGROUND

1. On June 14, 2013, Harold D. Jones, the elected chapter 7 trustee (the "Trustee") of the estate of Alice Phillips Belmonte (the "Debtor"), moved for the entry of an order authorizing the employment of the law firm of Rich, Michaelson, Magaliff, Moser, LLP ("Michaelson") as counsel for the Trustee in this case.

2. Michaelson's appointment as counsel for the Trustee represents a direct conflict of interest as counsel has represented, and continues to represent "Petitioning Creditors" and other creditors involved in the present case pursuant to 11 U.S.C.A § 327.

3. Michaelson serving as counsel for the Trustee would constitute a direct violation of U.S.C.A § 101 (14) (C).

4. Michaelson's representation of the "Petitioning Creditors" disqualifies him from serving as counsel for the Trustee as this adversely effects the interest of the debtor and therefore is not in the best interest of the estate. 11 U.S.C.A § 327.

5. Trustee breached the standard of good faith by knowingly petitioning the Court to retain Michaelson as counsel when Robert Michaelson's affidavit clearly stated he previously represented Petitioning Creditors (but fails to identify that he also represented creditors whose interests are adverse in this case).

6. The course of action further supports the Debtor's prior argument that the Petitioners have filed the petition herein in bad faith.

7. Michaelson represented Jefferson Investment LLC, James McCarthy, and Erik Wendt, who are listed as creditors in this matter whose interests will ultimately prove adverse to those of the Trustee.

8. Michaelson represents alleged creditors in this action who have received payments from the Debtor that the Trustee will deem preferential and which funds the Trustee will attempt to reclaim for the benefit of the Estate.

## BASIS FOR RELIEF

9. Michaelson's admitted representation of Petitioning Creditors in prior matters precludes it from representing the Trustee and potentially will have an adverse effect on fair and unbiased representation of the Debtor. The New York Code of Professional Responsibility in Canon 5 provides specific guidance to the courts regarding conflicts of interest and attorney disqualification. .In re Alboro Waterproofing Co., 224 B.R. 289-91. (1988). The Court, in

Alboro, held that in instances of a impermissible conflict it is the duty of counsel to withdraw in the interest of justice. Id.

10. In the June 14, 2013, Application to Retain Counsel submitted to the Court, the Trustee admits that he has been advised that due to Michaelson will be unable to undertake any matter that is directly adverse to Petitioning Creditors and therefore need to retain special counsel to deal with conflicts that may arise and asserts this is a minor inconvenience compared with Michaelson's pre-existing knowledge of the Debtor. This statement presents a conflict that is best resolved by the retention of disinterested counsel as mandated by U.S.C.A § 101 (14) (C) thereby rejecting Michaelson as counsel for the present case.

11. 11 U.S.C.A § 327 mandates in the best interest of the Debtor, that Trustee is represented by counsel that has no prior or recent relationship or employment by Petitioning Creditors. Courts in the past in this circuit have stated that conflict of interest is embraced in the adverse interest standard. In re ArcoChem Corp., 181 B.R. 693, 700 (1995). "Counsel should be disqualified when a conflict casts some doubts as to the vigor of which he or she will represent the clients interest or when the party is in a position to use privileged information gained through prior representation of a party's opponent." In re AroChem Corp., 181 B. R. 693, 700 (1995) (( quoting In re Stamford Color Photo, Inc., 98 B. R. 135, 138 (1989).

12. Application by the Trustee to retain Michaelson as counsel constitutes bad faith due to Trustees knowledge of said firms prior dealings with Petitioning Creditors and warrants rejection by this court. In the Trustee's June 14, 2013 Application to Retain Counsel, Trustee admits in paragraph 6 that a conflict of interest exists by stating that Michaelson has previously represented Petitioning Creditor's as counsel directly contradicting disinterested party status mandated by U.S.C.A § 101 (14) (C).

13. The Trustees application to retain Michaelson as counsel does not meet the twin expectations standard pursuant to 11 U.S.C.A § 327 and set forth in In re Best Craft General Contractor and Design.,239 B. R. 462, 468 (1999), which states only under limited circumstances can a creditors attorney can serve as counsel to the Trustee. Specifically a creditor's attorney cannot hold or represent interests that adversely affect the estate. Id. Here there is a direct conflict of interest the Trustee readily acknowledges in his Application to Retain Counsel in paragraphs 6 and 7.

14. Michealson's representation of Trustee is not feasible because it represents a direct conflict of interest due to its previous representation of the Petitioning Creditors.. Id. On Appeal to the Second Circuit the Court has stated there need only be no conflict between the trustee and the counsel's creditor client with respect to the specific matter itself. In re Best Craft General Contractor and Design.,239 B. R. 462, 468 (1999), quoting (( In re ArcoChem Corp., 181 B.R. 693, 700 (1995). In the present case Trustee wishes to retain Michaelson as counsel in direct violation of 11 U.S.C.A § 327.

## **PRAYER FOR RELIEF**

THEREFORE, for the following reasons and Pursuant to 11 U.S.C.A § 327 and U.S.C.A § 101 (14) (C) counsel for Alice Phillip Belmonte respectfully requests that the June 17, 2013, application for an order to retain the law firm RICH MICHAELSON,MAGALIFF, MOSER, PA as counsel for Trustee in the present case be denied as it presents a conflict of interest relating to a fair and equitable resolution of the dispute.

*Respectfully submitted,*

                                                              Respectfully Submitted,

                                                              /s/ Thomas A. Sadaka
                                                              _____
                                                              Thomas A. Sadaka
                                                              Florida Bar No. 915890
                                                             Attorney for Alleged Debtor
                                                             Nejame Law
                                                             189 South Orange Avenue, #1800
                                                             Orlando, FL 32801
                                                             407-245-1232
                                                             Email: tom@nejamelaw.com

## **ECF CERTIFICATE OF SERVICE**

       I hereby certify that on June 26, 2013, I electronically filed the foregoing with the clerk of the court by using the CM/ECF System which will send a notice of electronic filing to the following:

Robert N. Michaelson, Esq., Attorney for Petitioning Creditors
RMichaelson@R3MLaw.com

Eric T. Moser, Esq., Attorney for Petitioning Creditors
emoser@R3MLaw.com

United States Trustee
USTPRegion02@usdoj.gov

Paul H. Bass, Esq., Attorneys for Creditor Capital One, N.A.
ecf@bass-associates.com

and mailed by First Class U.S. Mail to GE Capital Retail Bank, c/o Recovery Management Systems Corp., 25 SE 2nd Avenue, Suite 1120, Miami, FL 33131-1605, and emailed this paper to claims@recoverycorp.com.

                                                             /s/ Thomas A. Sadaka
                                                             _____
                                                             Thomas A. Sadaka, Esq.
                                                            Florida Bar No. 915890