| | |
|---|---|
| Robert N. Michaelson | Hearing Date: February 10, 2014 at 11 a.m. |
| Eric T. Moser | Responses Due: February 3, 2014 at 5 p.m. |
| Rich Michaelson Magaliff Moser, LLP | |
| 340 Madison Avenue, 19th Floor | |
| New York, NY 10173 | |
| 212.220.9406 | |
| emoser@r3mlaw.com | |

*Special Counsel for Harold D. Jones, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

    ALICE PHILLIPS BELMONTE                  Chapter 7

                                                                                   Case No. 12-76045 (AST)

                                            Debtor.
-------------------------------------------------------------X

**NOTICE OF HEARING ON MOTION FOR ENTRY OF AN ORDER COMPELLING THE DEBTOR, HER HUSBAND, DEBTOR'S ATTORNEYS, AND DEBTOR'S OTHER AGENTS (A) TO PRODUCE DOCUMENTS AND INFORMATION PURSUANT TO 11 U.S.C. §§ 521, 541 AND 542, AND (B) TO TURNOVER <u>PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. 542</u>**

      **PLEASE TAKE NOTICE,** that upon the annexed application (the "<u>Application</u>") of Harold D. Jones, Chapter 7 Trustee (the "<u>Trustee</u>") for Entry of an Order Compelling the Debtor, Her Husband, Debtor's Attorneys, and Debtor's Other Agents (A) To Produce Documents and Information Pursuant to §§ 521, 541 and 542, and (B) To Turnover Property of the Estate Pursuant to 11 U.S.C. § 542 (the "Motion"), undersigned counsel will move for the entry of an Order granting the relief requested by the Motion before the Honorable Alan S. Trust, United States Bankruptcy Judge, on February 10, 2014 at 11:00 a.m., at the United States Bankruptcy Court, Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, P.O. Box 9013, Central Islip, NY 11722-9013, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE**, that objections to the relief requested in the Motion, if any, must be in writing, be filed with the Court through its ECF system, and served upon: (i) the Office of the United States Trustee (Attn: Alfred M. Dimino), Alfonse M. D'Amato U.S. Courthouse, 560 Federal Plaza, Central Islip, NY 11722; and (ii) special counsel for the Trustee, Rich Michaelson Magaliff Moser, LLP (Attn: Eric T. Moser), 340 Madison Avenue, 19th Floor, New York, NY 10173, so as to be received no later than February 3, 2014, at 5:00 p.m.

Dated: New York, New York
January 9, 2014

> Rich Michaelson Magaliff Moser, LLP
> 340 Madison Avenue, 19th Floor
> New York, NY 10173
> 212.220.9406
> emoser@r3mlaw.com
>
> By: /s/ *Eric T. Moser*_____
>
> *Special Counsel to Harold D. Jones, Chapter 7 Trust*

| | |
|---|---|
| Robert N. Michaelson | Hearing Date: February 10, 2014 at 11 a.m. |
| Eric T. Moser | Responses Due: February 3, 2014 |
| Rich Michaelson Magaliff Moser, LLP | |
| 340 Madison Avenue, 19th Floor | |
| New York, NY 10173 | |
| 212.220.9406 | |
| emoser@r3mlaw.com | |

*Special Counsel for Harold D. Jones, Chapter 7 Trustee*


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

      ALICE PHILLIPS BELMONTE               Chapter 7

                                                    Case No. 12-76045 (AST)

                       Debtor.
-------------------------------------------------------------X

**MOTION FOR ENTRY OF AN ORDER COMPELLING THE DEBTOR, HER
HUSBAND, DEBTOR'S ATTORNEYS, AND DEBTOR'S OTHER AGENTS
(A) TO PRODUCE DOCUMENTS AND INFORMATION
PURSUANT TO 11 U.S.C. §§ 521, 541 AND 542, AND (B) TO TURNOVER
<u>PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. 542</u>**

        Harold D. Jones (the "Trustee"), the chapter 7 trustee for the estate of Alice Phillips

Belmonte (the "Debtor"), hereby moves for the entry of an order, pursuant to sections 105, 521,

541, and 542 of the United States Bankruptcy Code (the "<u>Bankruptcy Code</u>") and Rules 2004

and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") compelling

the Debtor, her husband, Debtor's attorneys, and Debtor's other agents: (i) to produce documents

and information pursuant to 11 U.S.C. §§ 521, 541 and 542; and (ii) to turnover all property of

the estate that remains within their possession, custody or control, excepting only those items which the Trustee determines to be of inconsequential value to the estate.[1]

In support thereof, the Trustee respectfully states as follows:

## FACTUAL BACKGROUND

1.   On October 5, 2012 (the "Petition Date"), E.J. Elliott, George Kassianides, John E. Elliott, John E. Elliott Irrevocable Trust, Artemis Mellen Irrevocable Trust, Ted Eidsen, Gregory Roper, R&S Fields Limited Partnership Jefferson Investment LLC and James McCarthy (the "Petitioning Creditors") filed an involuntary petition for relief against the Debtor pursuant to 11 U.S.C. § 303(b).

2.   On April 25, 2013, after a full trial held on April 8, 2013, this Court entered an Order for Relief against the Debtor.

3.   The Trustee conducted a preliminary 341 meeting of the Debtor on August 15, 2013, at which time the Debtor repeatedly invoked her Fifth Amendment privilege against self-incrimination in response to questions from the Trustee.[2]

4.   Notwithstanding her repeated invocations of the Fifth Amendment, the Debtor and her counsel voluntarily agreed to take a number of actions to assist the Trustee in performing

---

[1] A complete copy of the most recently filed versions of the Debtor's Schedules and Statement of Financial Affairs is annexed hereto as Exhibit 1 for the Court's convenience. The Trustee has also attached a copy of the unsigned and unsworn document filed by the Debtor on December 16, 2013 that appears to have been intended as an amendment to Schedule C. See Docket No. 181; see also Fed. R. Bankr. P. 1008 ("All petitions, lists, schedules, statements and amendments thereto shall be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746.").

[2] A copy of the transcript of the Debtor's August 15th 341 meeting (the "341 Transcript") is annexed hereto as Exhibit 2. The Trustee does not believe that the Debtor's selective invocation of her 5th Amendment privilege was legally appropriate, and reserves the right to challenge her refusal to answer his questions at a later date if and when it should become necessary or appropriate to do so. *Rogers v. U.S.*, 340 U.S. 367, 373 (1951) ("federal courts have uniformly held that, where criminating facts have been voluntarily revealed, the privilege cannot be invoked to avoid disclosure of the details.")..

his duties by supplementing and/or clarifying the disclosures made in the Debtor's prior filings with the Court, including, without limitation:[3]

  a. Confirming that the correct and complete electronic versions of schedules A-C were in fact filed on the docket.
  b. Providing the Trustee with documents regarding a pending lawsuit against Hamilton Capital and the Debtor.[4]
  c. Confirming whether Ms. Belmonte made any payments (cash, property, or otherwise) from July 4, 2012 and October 5, 2012,[5] and also confirming whether Ms. Belmonte made any gifts during the two years prior to October 5, 2012.[6]
  d. Filing an amended schedule of exemptions, if any.[7]
  e. Providing the Trustee with copies of Ms. Belmonte's 2012 tax returns.[8]
  f. Providing the Trustee with the most recent mortgage statements for Ms. Belmonte's home and condominium.[9]
  g. Providing the Trustee with bank statements for all accounts maintained by Ms. Belmonte (including joint accounts) for the one year prior to October 5, 2012.[10]
  h. Providing the Trustee (and filing with the Court) with a statement confirming that Ms. Belmonte did not incur any debts during the period of October 5, 2012 to April 25, 2013 that remain outstanding, or, to the extent such debts exist, a list of all such debts.[11]
  i. Providing copies of all documents reflecting the transfer of Ms. Belmonte's interests in Venator Capital, LLC and Hamilton Capital, LLC.[12]

---

[3] *See summary* at 341 Transcript at p. 47:3 to p. p. 48:22.

[4] 341 Transcript at p. 11:17 to p. 11:24.

[5] 341 Transcript at p. 17:25 to p. 19:4.

[6] 341 Transcript at p. 19:16 to 19:24.

[7] 341 Transcript at p. 20:3 to 21:9.

[8] 341 Transcript at p. 23:4 to p. 23:10.

[9] 341 Transcript at p. 23:11 to p. 23:14.

[10] 341 Transcript at p. 23:15 to p. 24:10.

[11] 341 Transcript at p. 24:15 to p. 25:12.

[12] 341 Transcript at p. 30:14 to p. 32:25.

j.  Providing the Trustee with the books and records maintained in connection with Ms. Belmonte's law firm relating back at least 2 years from October 5, 2012.[13]

Items (a) through (j) are collectively referred to herein as the "Promised Documents and Information."

5.  On August 16, 2013 and continuing thereafter, the Trustee has also sought authority to conduct 2004 examinations of financial institutions and creditors with whom the Debtor is known to have done business, and several accounting firms that are known to have been involved in the preparation of the Debtor's tax returns. The Trustee has received preliminary productions from the Debtor's financial institutions, and is continuing his investigation into the assets of the Debtor's estate.

6.  On September 13, 2013, special counsel to the Trustee sent a follow-up email to Debtor's counsel requesting, among other things, that he produce the documents and information promised at the 341 meeting. A copy of that email is annexed hereto as Exhibit 3.

7.  On September 24, 2013, special counsel to the Trustee sent an additional follow-up email to Debtor's counsel requesting a response to his original email. A copy of that email is annexed as Exhibit 4.

8.  To date, while Schedules A through F, I and J have been filed, Debtor's counsel has not provided any of the other documents promised at the 341 meeting.

9.  On October 17, 2013, the Debtor was arrested pursuant to a 49-count indictment issued by the Supreme Court of the State of New York, County of New York, which alleges, among other things, that the Debtor engaged in a scheme to defraud, and committed grand larceny against, certain creditors of her estate.

---

[13] 341 Transcript at p. 34:8 to p. 34:17.

10. As of the date hereof, the Debtor remains incarcerated pending trial or other disposition of the indictment against her.

## RELIEF REQUESTED

11. By this Motion, the Trustee seeks entry of an Order compelling the Debtor (and the Debtor's husband, counsel and other agents) to turnover to the Trustee: (i) all of the Promised Documents and Information; (ii) any additional property of the Debtor's estate, whether or not disclosed on the Debtor's filed Schedules and Statement of Financial Affairs, except to the extent the Trustee determines that such property is of inconsequential value to the estate.

## GROUNDS FOR THE RELIEF REQUESTED

12. Section 521 of the Bankruptcy Code provides, in pertinent part, that "[t]he debtor shall . . . surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers relating to property of the estate." 11 U.S.C. § 521(a)(4).

13. Section 542 of the Bankruptcy Code provides, in pertinent part, that:

> (a) an entity . . . in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.
>
> \* \* \* \* \*
>
> (e) Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

13. Consistent with the plain language of the statutes, a debtor's turnover obligations under the Bankruptcy Code are intended to be self-effectuating. See In re Burgio, 441 B.R. 218, 220 n.1 (Bankr. W.D.N.Y. 2010) ("Pursuant to 11 U.S.C. § 521(a)(4), a debtor is obligated to

surrender estate property to the trustee, without the necessity of an order directing turnover."); id. at 221 ("11 U.S.C. § 542(a) commands that all parties in possession of estate property shall deliver that property to the trustee.").

14. The Debtor's filed Schedules reveal virtually no assets other than a few parcels of real estate, two motor vehicles, and $25,000.00 worth of unspecified "household goods and furnishings." In other words, according to the Debtor's sworn statement, she has no interest in any security deposits, wearing apparel, jewelry, accounts receivable, office equipment and supplies, inventory, or other miscellaneous items of personal property that an ordinary person would be expected to have, let alone one who had, until recently, been engaged in the practice of law and had an active consulting business.

14. The Trustee sincerely doubts the accuracy of the Debtor's disclosures based on, among other things, the clothing and jewelry that he personally observed her wearing during the 341 meeting in this case, and the accounts receivable, office equipment and supplies that one would ordinarily expect to accompany a small business of any kind.

15. Furthermore, the Debtor and her attorney have already agreed to provide the Trustee with the Promised Information and Documents, which are precisely the sort of books, records, documents and other papers contemplated by sections 521 and 542 of the Bankruptcy Code in any event.

16. Accordingly, because the Debtor and her agents have refused to comply with their turnover obligations on a voluntary basis, the Trustee respectfully requests entry of an Order compelling the Debtor (and her agents) to relinquish any property of the Debtor's estate that may remain in their actual or constructive possession, including, without limitation, the Promised Information and Documents.

**WHEREFORE,** the Trustee respectfully requests entry of an order, substantially in the form attached hereto, directing the Debtor, her attorneys and other agents, and her husband to: (i) produce the Promised Information and Documents pursuant to 11 U.S.C. §§ 521, 541 and 542; (ii) turnover all other property of the estate that remains within their possession, custody or control, excepting only those items identified as exempt on the Debtor's Schedule C[14] and those items which the Trustee determines to be of inconsequential value to the estate; and (iii) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: New York, New York
       January 9, 2014

/s/ Eric T. Moser
Eric T. Moser
Rich Michaelson Magaliff Moser, LLP
340 Madison Avenue, 19th Floor
New York, NY 10173
212.220.9406
emoser@r3mlaw.com

*Special Counsel for Harold D. Jones,
Chapter 7 Trustee*

---

[14] The Trustee does not concede the validity of the Debtor's claimed exemptions, and reserves all of his rights with respect thereto.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

    ALICE PHILLIPS BELMONTE                       Chapter 7

                                                                              Case No. 12-76045 (AST)

                                  Debtor.
---------------------------------------------------------------X

## **ORDER**

Upon consideration of the Trustee's Motion for Entry of an Order Compelling the Debtor, Her Husband, Debtor's Attorneys, and Debtor's Other Agents (A) To Produce Documents and Information Pursuant to 11 U.S.C. §§ 521, 541 and 542, and (B) To Turnover Property of the Estate Pursuant to 11 U.S.C. § 542 (the "Motion"), together with any response thereto, after notice and a hearing, and good cause appearing for the relief requested thereby, it is hereby

**ORDERED**, that the Debtor, her attorneys and other agents, and her husband, are hereby directed to turnover the Promised Information and Documents (as that phrase is defined in the Motion) to the Trustee within five (5) business days of the entry of this Order; and it is further

**ORDERED**, that the Debtor, her attorneys and other agents, and her husband, are hereby directed to turnover to the Trustee, within five (5) business days of the entry of this Order, any other property of the Debtor's estate that remains within their possession, custody or control, excepting only those items which the Trustee determines to be of inconsequential value to the estate, whether or not such property is disclosed in the Debtor's Schedules and Statement of Financial Affairs.