UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

In re:

ALICE PHILLIPS BELMONTE                                   Chapter 7

                                                                          Case No. 12-76045 (AST)

            Debtor.

---------------------------------------------------------------X

## MOTION TO DISQUALIFY RICH MICHAELSON MAGALIFF MOSER, LLP AS COUNSEL FOR CHAPTER 7 PROCEEDINGS AND HAROLD D. JONES AS TRUSTEE.

Alice Phillips Belmonte, through counsel, respectfully objects to the application to retain the law firm RICH MICHAELSON MAGALIFF MOSER, LLP as counsel for the Trustee for these proceedings.

### FACTUAL BACKGROUND

1. On June 14, 2013, Harold D. Jones, the elected chapter 7 trustee (the "Trustee") of the estate of Alice Phillips Belmonte (the "Debtor"), moved for the entry of an order authorizing the employment of the law firm of Rich, Michaelson, Magaliff, Moser, LLP ("Michaelson") as counsel in this case. Over the objection of the Debtor, the Court allowed the Application to Employ Michaelson as "special counsel" for the Trustee.

2. **At all times material hereto did Harold D. Jones know or should have known that the Debtor challenged the entitlement of received monies obtained by clients of Michaelson (then Petitioning Creditors), in an amount exceeding $1,500,000.00, as well as monies that Michaelson and his firm are believed to have been paid. See Declaration of Belmonte, previously filed with this Court, attached as Exhibit 1.**

2. As previously articulated, Michaelson's appointment as counsel for the Trustee represents a direct conflict of interest, as counsel has represented "Petitioning Creditors" involved in the present case pursuant to 11 U.S.C.A § 327 who also pose a direct adverse conflict with their fellow "petitioning creditors" as well as Michaelson and his law firm's fees.

3. Michaelson continuing to serve as counsel for the Trustee constitutes a direct violation of U.S.C.A § 101 (14) (C).

4. Throughout the history of this litigation, Michaelson's conflict has been brought up yet the Trustee, who appears more loyal to Michaelson, then to the debtor's estate, has failed or refused to do anything pro-active against certain Michaelson clients and possibly the lawfirm itself who owe or may owe the debtor's estate monies in an amount approximating $1,500,000. This amount represents almost half of the entire amount alleged to be owed by the Michaelson creditors.

4. Michelson's involvement previously representing the "Petitioning Creditors" disqualifies him/it from continuing to serve as counsel for the Trustee as this adversely effects the interest of the debtor and therefore is not in the best interest of the estate. 11 U.S.C.A § 327. The debtor continues to object to the self-serving and protectionary maneuvers of both Michaelson and the Trustee and the prejudice is overly blatant.

5. The Trustee breached the standard of good faith by knowingly petitioning the Court to retain Michaelson as counsel when Robert Michaelson's affidavit clearly stated he had represented Petitioning Creditor's.

6. The conflict of interest previously articulated by the Debtor continues to bare light and manifest itself in this case at the extreme prejudice of the debtor and her estate.

7. The Trustee has now filed adversarial proceedings as follows: Adversary case 8-13-08190. Complaint by Harold Jones, Esq. against William Belmonte; Complaint by Harold D Jones against Sanford C. Bernstein & Co., LLC.; Adversary case 8-14-08095. Complaint by Harold D Jones against ICM Acquisitions Group, LLC; Adversary case 8-14-08094. Complaint by Harold D Jones against Beaver Creek Properties LLC; Adversary case 8-14-08093. Complaint by Harold D Jones against Hunter Property Management, LLC; Adversary case 8-14-08092. Complaint by Harold D Jones against 44th Street Partners I LLC (a company dissolved in 2009).

8. Noticeably absent from this listing of adversarial proceedings are complaints against Michaelson's prior clients, the petitioning creditors. A cause of action exists against purported investor Fields and his corporate entities for his receipt of over $1,400,000.00 of estate money. A cause of action exists against Eric Wendt and his corporate entities for his promotion of the alleged investment scheme and receipt of significant funds from the estate. A cause of action exists against James McCarthy for his promotion of the alleged scheme and receipt of significant funds from the estate. Upon information and belief, Michaelson also received monies from such clients; monies that the trustee has failed to examine.

9. Due to his conflict and acting under suspicion, the Trustee, through Michaelson, is proceeding against the Debtor's husband and legitimate business associates and clients rather than the true actors who should be subjected to actions for recovery of money of the estate.

## BASIS FOR RELIEF

10. Michaelson's admitted representation of Petitioning Creditors in prior matters, and its own actions since the filing of this case, mandates its disqualification from representing the "Trustee" and has, and will continue to have, an adverse effect on fair and unbiased representation of the Debtor. The same principle applies to the Trustee who has shown his unwillingness to examine and take an initiative against clients of Michaelson and/or Michaelson itself. The New York Code of Professional Responsibility in Canon 5 provides specific guidance to the courts regarding conflicts of interest and attorney disqualification. *In re Alboro Waterproofing Co.*, 224 B.R. 289-91. (1988). The Court, in *Alboro*, held that in instances of a impermissible conflict it is the duty of counsel to withdraw in the interest of justice. *Id*.

11. In the June 14, 2013, Application to Retain Counsel submitted to the Court, the Trustee admits, paragraph 6, that he has been advised that Michaelson will be unable to undertake any matter that is directly adverse to Petitioning Creditors and therefore need to retain special counsel to deal with conflicts that may arise and asserts this is a minor inconvenience compared with Michaelson's pre-existing knowledge of the Debtor. This statement presents a conflict that is best resolved by the retention of disinterested counsel as mandated by U.S.C.A § 101 (14) (C) thereby conclusively establishing the rejection of Michaelson as counsel for the present case.

12. 11 U.S.C.A § 327 mandates in the best interest of the Debtor, that Trustee is represented by counsel that has no prior or recent relationship or employment by Petitioning Creditors. Courts in the past in this circuit have stated that conflict of interest is embraced in the adverse interest standard. *In re ArcoChem Corp.*, 181 B.R. 693, 700 (1995). "Counsel should be disqualified when a conflict casts some doubts as to the vigor of which he or she will represent the clients interest or when the party is in a position to use privileged information gained through prior

representation of a party's opponent." *In re AroChem Corp.*, 181 B. R. 693, 700 (1995) (( quoting *In re Stamford Color Photo, Inc.*, 98 B. R. 135, 138 (1989).

13. Continued retention of Michaelson as counsel constitutes bad faith due to Trustees knowledge of said firm's prior dealings with Petitioning Creditors, ongoing course of conduct exhibit by Michaelson in the requests for 2004 Examination and the filed adversarial proceedings, and warrants disqualification by this court.

14. The Trustees retention of Michaelson as counsel does not meet the twin expectations standard pursuant to 11 U.S.C.A § 327 and set forth in *In re Best Craft General Contractor and Design.*,239 B. R. 462, 468 (1999), which states only under limited circumstances can a creditors attorney can serve as counsel to the Trustee. Specifically a creditor's attorney cannot hold or represent interests that adversely affect the estate. *Id.* Here there is a direct conflict of interest the Trustee readily acknowledges in his Application to Retain Counsel in paragraphs 6 and 7.

## **PRAYER FOR RELIEF**

THEREFORE, for the following reasons and Pursuant to 11 U.S.C.A § 327 and U.S.C.A § 101 (14) (C) counsel for Alice Phillip Belmonte respectfully requests that the law firm RICH MICHAELSON,MAGALIFF, MOSER, PA be disqualified as counsel for Trustee in the present case and that the Trustee Harold D. Jones also be disqualified as being partial so that a new and inpartial trustee may look out for the best interests of the estate and end this litigation.

*Respectfully submitted,*

    /s/ Thomas A. Sadaka
**Thomas A. Sadaka**
FBN 915890
NeJame Law
Attorney for Debtor
189 S. Orange Avenue, Suite 1800
Orlando, FL 32801
Tel. (407)245-1232
Email: tom@nejamelaw.com

## ECF CERTIFICATE OF SERVICE

    I hereby certify that on March 24, 2014, I electronically filed the Alleged Debtor's Motion for Stay, with the clerk of the court by using the CM/ECF System which will send a notice of electronic filing to the following:

    United States Trustee
    USTPRegion02@usdoj.gov

    I hereby further certify that on March __, 2014, I served: Robert N. Michaelson, Esq., Attorney for Petitioners by electronic mail at rnm@michaelsonlawfirm.com and by First Class U.S. Mail addressed to Robert N. Michaelson, Esq., at Michaelson Law Firm, 11 Broadway, Suite 615, New York, NY 10004;

    Paul H. Bass, Esq., Attorneys for Creditor Capital One, N.A., by electronic mail at ecf@bass-associates.com and by First Class U.S. Mail, at Bass & Associates, P.C., 3936 E. Ft. Lowell Road, Suite 200, Tucson, AZ 85712; and mailed by First Class U.S. Mail to GE Capital Retail Bank, c/o Recovery Management Systems Corp., 25 SE 2nd Avenue, Suite 1120, Miami, FL 33131-1605, and emailed to claims@recoverycorp.com; and, pursuant to Local Rule 9004-1, a paper copy of the foregoing marked "Chambers Copy" was mailed to the Clerk of Court, United States Bankruptcy Court, Eastern District of New York, 290 Federal Plaza, P. O. Box 9013, Central Islip, New York 11722-9013.

    /s/ Thomas A. Sadaka
**Thomas A. Sadaka**
FBN 915890
NeJame Law
Attorney for Debtor
189 S. Orange Avenue, Suite 1800
Orlando, FL 32801
Tel. (407)245-1232
Email: tom@nejamelaw.com

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

In re:

ALICE PHILLIPS BELMONTE                         Chapter 7

                                                                          Case No. 12-76045 (AST)

                 Alleged Debtor.

------------------------------------------------------------X


**DECLARATION OF DEBTOR, ALICE PHILLIPS BELMONTE, IN OPPOSITION TO TRUSTEE'S APPLICATION FOR AN ORDER TO RETAIN RICH MICHAELSON MAGALIFF MOSER, LLP AS COUNSEL FOR CHAPTER 7 PROCEEDINGS.**

      I, Alice Phillips Belmonte, the Debtor herein, do hereby affirm under penalty of perjury, as follows:

      1.     Erik Wendt is the Managing Member of Jefferson Investment LLC, one of the claimants in this bankruptcy proceeding. Erik Wendt executed the Involuntary Petition (Doc. 1) in this matter on behalf of Jefferson Investment LLC.  Prior to the filing of the involuntary petition in this matter on October 5, 2012, I personally made the following payments to or on behalf of Erik Wendt, individually:

           A.     On November 25, 2011 I wire transferred $25,000 to Erik Wendt at Wells Fargo Bank.

           B.     On February 13, 2012 I wire transferred $13,801 to Wells Fargo Home Mtge on behalf of Erik Wendt.

           C.     On March 13, 2012 I wire transferred $10,000 to Erik Wendt at Wells Fargo Bank.

        D.      On April 3, 2012 I wire transferred $15,000 to Erik Wendt at Wells Fargo Bank.

2.      Randolph H. Fields is the Manager of R & S Fields Limited Partnership, one of the claimants in this bankruptcy proceeding. Randolph H. Fields executed the Involuntary Petition (Doc. 1) in this matter on behalf of R & S Fields Limited Partnership. Randolph H. Fields is also the Managing Member of Corona Partners, LLC, a Florida limited liability company formed on November 4, 2011. Prior to the filing of the involuntary petition in this matter on October 5, 2012, I personally made the following payments to Corona Partners, LLC, at the request of Randolph H. Fields:

        A.      On November 21, 2011 I wire transferred $1,000,000 to Corona Partners, LLC, at BBT Bank Florida.

        B.      On February 17, 2012 I wire transferred $150,000 to Corona Partners at BBT Bank Florida.

Dated: July 1, 2013, at 11:00 a.m.

_____
ALICE PHILLIPS BELMONTE

Respectfully Submitted,

/s/ Thomas A. Sadaka

_____

Thomas A. Sadaka
Florida Bar No. 915890
Attorney for Alleged Debtor
Nejame Law
189 South Orange Avenue, #1800
Orlando, FL 32801
407-245-1232
Email: tom@nejamelaw.com


### ECF CERTIFICATE OF SERVICE

      I hereby certify that on July 1, 2013, I electronically filed the foregoing with the clerk of the court by using the CM/ECF System which will send a notice of electronic filing to the following:

Robert N. Michaelson, Esq., Attorney for Petitioning Creditors
RMichaelson@R3MLaw.com

Eric T. Moser, Esq., Attorney for Petitioning Creditors
emoser@R3MLaw.com

United States Trustee
USTPRegion02@usdoj.gov

Paul H. Bass, Esq., Attorneys for Creditor Capital One, N.A.
ecf@bass-associates.com

and mailed by First Class U.S. Mail to GE Capital Retail Bank, c/o Recovery Management Systems Corp., 25 SE 2nd Avenue, Suite 1120, Miami, FL 33131-1605, and emailed this paper to claims@recoverycorp.com.


/s/ Thomas A. Sadaka

_____

Thomas A. Sadaka, Esq.
Florida Bar No. 915890