Robert N. Michaelson
Eric T. Moser
Rich Michaelson Magaliff Moser, LLP
340 Madison Avenue, 19th Floor
New York, NY 10173
212.220.9406
emoser@r3mlaw.com

*Special Counsel for Harold D. Jones, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | |
|     ALICE PHILLIPS BELMONTE | : | Chapter 7 |
| | : | Case No. 12-76045 (AST) |
|                               Debtor. | : | |

-------------------------------------------------------------X

| | | |
|---|---|---|
| | : | |
| HAROLD D. JONES, Chapter 7 Trustee, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adversary No. _____ |
| | : | |
| PATRICK THOMPSON, | : | |
| Defendant | : | |

-------------------------------------------------------------X

## COMPLAINT

Harold D. Jones (the "Trustee"), the chapter 7 trustee for the estate of Alice P. Belmonte (the "Debtor"), hereby alleges as and for his complaint against Patrick Thompson (the "Defendant") as follows:

## PARTIES

1.     The Trustee is the duly elected chapter 7 trustee of the Debtor's estate, and has a principal business address at 1 Old Country Road, Suite 384, Carle Place, NY 11514.

2. Upon information and belief, Patrick Thompson is an individual resident of the State of New York, with a home address of 15 West 39th Street, Suite 802, New York, New York 10018.

## VENUE AND JURISDICTION

3. This Court has subject matter jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334, and the Order dated December 5, 2012 entered by the United States District Court for the Eastern District of New York referring "any or all cases under Title 11, and any or all proceedings arising under Title 11, or arising in or related to a case under Title 11 . . . to the Bankruptcy Judges for this District."

4. This is a core proceeding under 28 U.S.C. § 157(b). The Trustee consents to the entry of a final judgment by the Bankruptcy Court.

5. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

6. The statutory prerequisites for the relief requested herein are 11 U.S.C. §§ 105(a), 544, 548, and 550.

## FACTUAL ALLEGATIONS

7. On October 5, 2012 (the "Petition Date"), E.J. Elliott, George Kassianides, John E. Elliott, John E. Elliott Irrevocable Trust, Artemis Mellen Irrevocable Trust, Ted Eidsen, Gregory Roper, R&S Fields Limited Partnership Jefferson Investment LLC and James McCarthy (the "Petitioning Creditors") filed an involuntary petition for relief against the Debtor pursuant to 11 U.S.C. § 303(b).

8. On April 25, 2013, this Court entered an Order for Relief against the Debtor.

9. The initial Section 341 meeting of creditors was scheduled for and occurred on June 5, 2013. At that meeting, all of the creditors present, representing the vast majority of the

outstanding claims in the case, voted to elect the Trustee, and the meeting was thereafter adjourned with no substantive questioning of the Debtor taking place.

10. By Notice of Appointment dated June 14, 2013, the Trustee was formally appointed as the chapter 7 trustee for the Debtor's estate.

11. During the six (6) years prior to the Petition Date (the "Recovery Period"), the Debtor made a series of transfers (the "Transfers"), identified on Exhibit A hereto, totaling at least $2,850,000.00, to the Defendant.

12. On information and belief, the Debtor made additional transfers of value to the Defendant during the Recovery Period.

13. On information and belief, prior to the Petition Date, the Debtor engaged in at least two lines of business: (i) operating a solo law practice; and (ii) making various investments in distressed real estate on her own behalf and/or on behalf of her clients and other connections; and (iii) operating a Ponzi-type scheme pursuant to which she defrauded her supposed clients and customers of money and property.

## BADGES OF FRAUD

14. Upon information and belief, including the fact that the Defendant attempted to post $3 million in bail for the Debtor, the Defendant is, and has at times material to this proceeding been, a close business associate and personal friend of the Debtor.

15. Upon information and belief, no consideration was provided by the Defendant for any of the Transfers.

16. Upon information and belief, the Transfers were not made in the ordinary course of the Debtor's business.

17. The Transfers are not reflected as business expenses in the Debtor's tax returns.

18. The sum of the total transfers made to the Defendant in each year during the Recovery Period represented a material portion of and/or exceeded the Debtor's total net income earned during that year.

19. Upon information and belief, at all times material to this proceeding, the Debtor was insolvent and/or was engaged in one or more businesses for which she had an unreasonably small capital and/or intended to incur debts beyond her ability to repay as such debts came due.

20. On October 17, 2013, the Debtor was arrested pursuant to a 49-count indictment issued by the Supreme Court of the State of New York, County of New York, which alleges, among other things, that the Debtor engaged in a scheme to defraud, and committed grand larceny against, certain creditors of her estate.

## COUNT I

### (Intentional Fraudulent Conveyance: 11 U.S.C. § 548(a)(1)(A))

21. The Trustee hereby incorporates and realleges paragraphs 1 through 20 above as if fully set forth herein.

22. On information and belief, including the badges of fraud enumerated above, and the sheer magnitude of the Transfers that took place during the two years prior to the Petition Date, the Trustee alleges that all of the Transfers made by the Debtor to the Defendant within two (2) years of the Petition Date were made with the actual intent to hinder, delay or defraud her creditors.

23. The Trustee is therefore entitled to avoid all of the Transfers made to the Defendant within two (2) years of the Petition Date.

## COUNT II

**(Constructive Fraudulent Conveyance:  11 U.S.C. § 548(b))**

24. The Trustee hereby incorporates and realleges paragraphs 1 through 23 as if fully set forth herein.

25. The Defendant did not provide reasonably equivalent value for the Transfers made to him during the two (2) years prior to the Petition Date.

26. On information and belief, at all times during the two (2) years prior to the Petition Date, the Debtor was insolvent and/or was engaged in one or more businesses for which she had an unreasonably small capital and/or intended to incur debts beyond her ability to repay as such debts came due.

27. The Trustee is therefore entitled to avoid all of the Transfers made to the Defendant within two (2) years of the Petition Date.

## COUNT III

**(Intentional Fraudulent Conveyance: 11 U.S.C. § 544(b)(1);**

**New York Debtor and Creditor Law § 267)**

28. The Trustee hereby incorporates and realleges paragraphs 1 through 27 as if fully set forth herein.

29. There exists at least one creditor holding a claim that is allowable under 11 U.S.C. § 502, who would have standing to assert a claim under New York Debtor and Creditor Law §267.

30. On information and belief, including the badges of fraud enumerated above, and the sheer magnitude of the Transfers, the Trustee alleges that all of the Transfers made to the

Defendant during the Recovery Period were made by the Debtor with the actual intent to hinder, delay or defraud her creditors.

31. The Trustee is therefore entitled to avoid all of the Transfers made to the Defendant within the Recovery Period.

## COUNT IV

### Constructive Fraudulent Conveyance: 11 U.S.C. § 544(b)(1);

### New York Debtor and Creditor Law § 273)

32. The Trustee hereby incorporates and realleges paragraphs 1 through 31 as if fully set forth herein.

33. Upon information and belief, there exists at least one creditor holding a claim that is allowable under 11 U.S.C. § 502 who would have standing to assert a claim under New York Debtor and Creditor Law §273 with respect to any Transfers made to the Defendant during the Recovery Period.

34. Upon information and belief, the Debtor was insolvent throughout the entire Reachback Period.

34. Upon information and belief, the Defendant did not provide fair consideration for any of the Transfers made to him during the Recovery Period.

35. The Trustee is therefore entitled to avoid all of the Transfers made to the Defendant within the Recovery Period.

## COUNT V

**Constructive Fraudulent Conveyance: 11 U.S.C. § 544(b)(1);**

**New York Debtor and Creditor Law § 274)**

36. The Trustee hereby incorporates and realleges paragraphs 1 through 35 as if fully set forth herein.

37. Upon information and belief, there exists at least one creditor holding a claim that is allowable under 11 U.S.C. § 502 who would have standing to assert a claim under New York Debtor and Creditor Law §274 with respect to any Transfers made to the Defendant during the Recovery Period.

38. Upon information and belief, the Debtor was engaged in one of more business endeavors for which she had an unreasonably small capital throughout the entire Reachback Period.

39. Upon information and belief, the Defendant did not provide fair consideration for any of the Transfers made to him during the Recovery Period.

40. The Trustee is therefore entitled to avoid all of the Transfers made to the Defendant within the Recovery Period.

## COUNT VI

**(Constructive Fraudulent Transfer: 11 U.S.C. § 548(b)(1);**

**New York Debtor and Creditor Law § 275)**

41. The Trustee hereby incorporates and realleges paragraphs 1 through 40 as if fully set forth herein.

42. Upon information and belief, there exists at least one creditor holding a claim that is allowable under 11 U.S.C. § 502 who would have standing to assert a claim under New York

Debtor and Creditor Law §275 with respect to any Transfers made to the Defendant during the Recovery Period.

43. Upon information and belief, the Debtor was intended or expected to incur debts beyond her ability to repay at the time each Transfer was made.

44. Upon information and belief, the Defendant did not provide fair consideration for any of the Transfers made to him during the Recovery Period.

45. The Trustee is therefore entitled to avoid all of the Transfers made to the Defendant within the Recovery Period.

## COUNT VII

### (Recovery of Avoided Transfers: 11 U.S.C. § 550)

46. The Trustee hereby incorporates and realleges paragraphs 1 through 45 as if fully set forth herein.

47. All of the Transfers were made to or for the benefit of the Defendant.

48. The Defendant received each of the Transfers, and is the initial transferee of each Transfer.

49 Accordingly, the Trustee is entitled to recover the value of the Transfers from the Defendant.

WHEREFORE, the Trustee respectfully requests that this Court enter judgment against the Defendant and in favor of the Trustee in an amount not less than $2,850,000.00, together with prejudgment interest, costs, and attorneys fees and such other and further relief as may be provided by law.

Respectfully submitted,

Dated: New York, New York  
      April 1, 2014

/s/ Eric T. Moser  
Eric T. Moser  
Rich Michaelson Magaliff Moser, LLP  
340 Madison Avenue, 19th Floor  
New York, NY 10173  
212.220.9406  
emoser@r3mlaw.com

*Special Counsel for Harold D. Jones, Chapter 7 Trustee*

## Exhibit A

| DATE | PAYEE | BANK | AMOUNT | CHECK # |
|---|---|---|---|---|
| 7/23/2010 | PATRICK THOMPSON | **1ST REPUBLIC** | 1,000,000.00 | WIRE |
| 10/12/11 | PATRICK THOMPSON | **1ST REPUBLIC** | 850,000.00 | WIRE |
| 12/23/11 | PATRICK THOMPSON | **1ST REPUBLIC** | 700,000.00 | WIRE |
| 12/30/11 | PATRICK THOMPSON | **1ST REPUBLIC** | 300,000.00 | WIRE |
|  | TOTAL |  | 2,850,000.00 |  |