Robert N. Michaelson
Eric T. Moser
Rich Michaelson Magaliff Moser, LLP
340 Madison Avenue, 19th Floor
New York, NY 10173
212.220.9406
emoser@r3mlaw.com

Hearing Date: August 5, 2014 at 11 a.m.
Responses Due: July 29, 2014

*Special Counsel for Harold D. Jones, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

    ALICE PHILLIPS BELMONTE                Chapter 7

                                                                Case No. 12-76045 (AST)

                                  Debtor.
-----------------------------------------------------------X

## MOTION FOR SANCTIONS PURSUANT TO
## 11 U.S.C. § 105(a), 28 U.S.C. § 1927, AND FED. R. BANKR. P. 9011

       Harold D. Jones (the "Trustee"), the chapter 7 trustee for the estate of Alice Phillips Belmonte (the "Debtor"), hereby moves for the entry of an order, pursuant to 11 U.S.C. § 105(a), 28 U.S.C. 1927, and Rule 9011 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"): (i) imposing sanctions on Alice Phillips Belmonte (the "Debtor") and Thomas Sadaka, her counsel of record; and (ii) prohibiting the Debtor, her counsel, and his law firm from filing any future pleadings seeking affirmative relief in this case without leave of court. In support thereof, the Trustee states as follows:

### FACTUAL BACKGROUND

       1.       On October 5, 2012 (the "Petition Date"), E.J. Elliott, George Kassianides, John E. Elliott, John E. Elliott Irrevocable Trust, Artemis Mellen Irrevocable Trust, Ted Eidsen, Gregory Roper, R&S Fields Limited Partnership Jefferson Investment LLC and James McCarthy

(the "Petitioning Creditors") filed an involuntary petition for relief against the Debtor pursuant to 11 U.S.C. § 303(b).

2. On April 25, 2013, this Court entered an Order for Relief against the Debtor.

3. On June 12, 2013, the Office of the United States Trustee filed a Notice of Election of Trustee.

4. Subsequently, on June 14, 2013, the Trustee was formally appointed as the chapter 7 trustee for the Debtor's estate.

4. The Debtor never objected to the election or appointment of the Trustee.

5. On June 18, 2013, the Trustee filed an application (the "Retention Application") to retain the law firm of Rich Michaelson Magaliff Moser, LLP ("R3M") as his counsel, and submitted therewith a declaration of Robert N. Michaelson, in which Mr. Michaelson expressly stated that: (i) he had previously represented the Petitioning Creditors in connection with their efforts to obtain entry of the Order for relief; and (ii) that his prior representation of the Petitioning Creditors would preclude him from representing the Trustee in connection with any matters adverse to the Petitioning Creditors in this case.

6. On June 26, 2013, the Debtor filed an objection to the Retention Application on the grounds that R3M was not disinterested and could not therefore be retained as the Trustee's counsel.

7. On July 1, 2013, the Court held a hearing at which it held that R3M could be retained as special counsel to the Trustee.

8. On August 1, 2013, the Court entered an Order (the "Retention Order") memorialized its holding, and authorized the retention of R3M as special counsel to the Trustee;

provided that R3M provide no representation to the Trustee regarding claims by or against the Petitioning Creditors.

9. No appeal was filed from the Retention Order, which became final on August 15, 2013.

10. On March 24, 2014, the Debtor filed a motion to remove Rich Michaelson Magaliff Moser, LLP as Counsel for Chapter 7 Proceedings and Harold D. Jones as Trustee (the "Removal Motion"), and an amended version of the Removal Motion on April 21, 2014 (collectively, the "Removal Motions"). The Removal Motions do not cite any new facts or legal justifications for the disqualification of the Trustee or R3M beyond those already raised by the Debtor and ruled upon by the Court, and rely primarily on the fact that R3M had a pre-petition relationship with the Petitioning Creditors as supposed grounds for its and the Trustee's disqualification.

11. On March 25, 2014, the Trustee served a materially identical draft of this Motion on Debtor's counsel. The only changes that have been made since that draft are non-substantive in nature.

## **REQUEST FOR RELIEF**

12. By this Motion, the Trustee seeks entry of an Order: (i) imposing sanctions against the Debtor and her counsel, including, without limitation, the reasonable attorneys fees and costs incurred in defending against the Removal Motions; and (ii) enjoining the Debtor, her counsel, and the Nejame Law Firm from filing any further pleadings in this case without prior leave of court.

## GROUNDS FOR THE RELIEF REQUESTED

13. Section 105 of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, judgment or process that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

14. Section 1927 of the Judicial Code provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys; fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

15. Bankruptcy Rule 9011 provides, in pertinent part, that:

> By presenting to the court (whether by signing, filing, submitting, or later advocating a petition, pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the best of the person's knowledge, information, and belief, after an inquiry reasonable under the circumstances
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the costs of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of exisiting law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support, or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information and belief.

Fed. R. Bankr. P. 9011(b).

## THE REMOVAL MOTION IS FACTUALLY AND LEGALLY UNFOUNDED

16. First, as a matter of law, it is beyond dispute that the Debtor's mere "[d]isagreement with the trustee's business judgment is not sufficient evidence of an improvident

4

appointment or changed circumstances" sufficient to warrant the removal of a trustee. In re Taub, 441 B.R. 211, 216 (Bankr. E.D.N.Y. 2010).

17. Second, as matter of fact, the Debtor's contention that "the Trustee has shown his unwillingness to examine and take an initiative against [former] clients of Michaelson and/or Michaelson itself" (Removal Motion, ¶ 10) is belied by the fact that, apart from any investigation that may be taking place off the public record, the Trustee has issued 2004 subpoenas to six of the Petitioning Creditors (see dkt. nos. 168 - 173).

18. Third, any challenge to the retention of R3M is barred by the doctrines of claim and issue preclusion. In the words of the Supreme Court:

> Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim.

New Hampshire v. Maine, 532 U.S. 742, 748-9 (2001).

19. In this case, the Court's August 1, 2013 Order authorizing the retention of R3M as special counsel to the Trustee necessarily resolved the legal and factual qualification to serve as counsel to the estate. And, since the Debtor failed to take a timely appeal from that order and cites no new facts in support of its opposition to R3M's retention – other than the fact that R3M has filed more than a dozen adversary proceedings against recipients of substantial pre-petition transfers from the Debtor, precisely what it was hired to do – it cannot now relitigate the validity of the Retention Order, particularly when it identifies no new facts that were not known to the Court and the parties at the time the Retention Order was entered.

20. Finally, without revealing any privileged or confidential information, the Trustee's investigation of potential causes of action continues apace, and he anticipates bringing a substantial number of additional adversary proceedings in the near future.

21. In short, the Removal Motion plainly violates Bankruptcy Rule 9011(b)(1), (2), and (3) insofar as it was: (i) filed for the illegitimate purpose of harassing the Trustee and increasing the costs of administering an estate that presently contains no liquid assets; (ii) rests on legal claims that are barred by the doctrines of claim and issue preclusion; and (iii) makes demonstrably false statements of fact about the Trustee's efforts to investigate potential assets of the estate.

## THE REMOVAL MOTION IS PART OF A PATTERN OF VEXATIOUS CONDUCT

22. In addition to being objectively meritless, the Removal Motion is the latest installment of a continuing effort by the Debtor to impede the Trustee's administration of the estate through frivolous litigation tactics.

23. It has long been recognized that a court has the authority to enjoin a litigant who engages in a pattern of vexatious litigation from continuing to do so. See, e.g., In re Martin-Trigona, 763 F.2d 140, 141 (2d Cir. 1985), cert. denied, 474 U.S. 1061 (1986); Lipin v. National Union Fire Ins. Co. of Pittsburgh, Pa.,. 202 F.Supp.2d 126, 142 (S.D.N.Y. 2002).

24. In considering whether to exercise this power, courts in this Circuit consider several factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing and duplicative lawsuits;
>
> (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?;
>
> (3) whether the litigant is represented by counsel;

  (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and

  (5) whether other sanctions would be adequate to protect the courts and other parties.

Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986).

  25. In this case, each of these factors weigh in favor of the entry of an injunction of further litigation by the Debtor, Mr. Sadaka, and his law firm.

  26. First, the Debtor and her counsel have a long history of vexatious conduct, including:

  A. Debtor's Motion to Stay or Abate Involuntary Bankruptcy (Dkt. No. 157);

  B. Debtor's failure to file complete and accurate schedules of assets and liabilities. Most of the bank accounts identified by the Trustee thus far are not listed in the Debtor's schedules.

  C. Forcing the Trustee to file a motion to compel Debtor' counsel's to file the statements of compensation required by section 329 of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules (Dkt. No. 155);

  D. The Debtor's (and her agents) refusal to voluntarily surrender any property of the estate to the Trustee despite an order of this Court directing them to do so. (See Order at Dkt. 192). Notwithstanding the Court's order, the Trustee has yet to receive a single item of property from the Debtor or her agents, or a single document relating to her assets and liabilities.

  E. The filing of motions to take 2004 examinations of two partners of R3M for no legitimate purpose (Dkt. 208 and 209), both of which were denied by the Court (Dkt. 240 and 241);

  F. The filing of the Motions to Remove.

  G. The Debtor's continuing and contemptuous failure to turn over all property of the estate to the Trustee and file the affidavit of compliance required by the Court's order at Dkt. 192. In lieu of the required affidavit, her counsel, Mr. Sadaka, has filed a statement noting that, due to her incarceration, "she is unable to file an affidavit affirming that all documents have been provided." (See Dkt. No. 226).

27. Second, the motions filed by the Debtor – and persistent opposition to the Trustee's requests for information – have been legally unfounded and had no material chance of success.

28. Third, despite her protestations of poverty, the Debtor here is represented by at least three lawyers – Messrs. Sadaka, Brandt, and Sherman – two of whom maintain their primary offices in Florida.

29. Fourth, processing the Debtor's frivolous requests for relief has imposed an undue burden on the Court and its personnel.

30. Finally, it is unlikely that lesser sanctions would deter the Debtor and her counsel from seeking to continue to interfere with the orderly administration of this estate. They have already demonstrated an indefatigable willingness to fight the Trustee at every step, and, absent an affirmative injunction from this Court, there is no reason to believe that they will not continue to do so in the future.

**WHEREFORE,** the Trustee respectfully requests entry of an order, substantially in the form annexed hereto: (i) awarding monetary sanctions against the Debtor and Mr. Sadaka, jointly and severally, including the reasonable attorney's fees and costs incurred by the Trustee and his counsel in opposing the Motions to Remove and preparing this Rule 9011 Motion; (ii) enjoining the Debtor, Mr. Sadaka, and his law firm from seeking any affirmative relief in this case without prior authorization of Court; and (iii) granting such other relief as this Court deems just and proper.

Respectfully submitted,

Dated: New York, New York  
      July 8, 2014

/s/ Eric T. Moser  
Eric T. Moser  
Rich Michaelson Magaliff Moser, LLP  
340 Madison Avenue, 19th Floor  
New York, NY 10173  
212.220.9406  
emoser@r3mlaw.com

*Special Counsel to Harold D. Jones, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

    ALICE PHILLIPS BELMONTE                      Chapter 7

                                                                            Case No. 12-76045 (AST)

                                Debtor.
-------------------------------------------------------------X

## **ORDER**

        Upon consideration of the motion ("Motion") of Harold D. Jones, Trustee, for the entry of an order, pursuant to 11 U.S.C. § 105(a), 28 U.S.C. 1927, and Rule 9011 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"): (i) imposing sanctions on Alice Phillips Belmonte (the "Debtor") and Thomas Sadaka, her counsel of record; and (ii) prohibiting the Debtor, her counsel, and his law firm from filing any future pleadings seeking affirmative relief without leave of court, together with any response thereto, and after notice and a hearing, and the Court finding just cause for the relief requested thereby, it is hereby

        **ORDERED,** that the Motion is GRANTED; and it is further

        **ORDERED,** the Debtor and Thomas Sedaka shall be jointly and severally liable to the Trustee for the reasonable costs and expenses, including attorney's fees, incurred in opposing the Debtor's Motions to Remove, including, without limitation, any fees incurred in connection with this Motion; and it is further

        **ORDERED,** that the Debtor, her counsel, and his law firm, and hereby enjoined from filing any further pleadings in this case seeking affirmative relief without first obtaining leave of court.