UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

In re:

   ALICE PHILLIPS BELMONTE     Chapter 7

               Case No. 12-76045 (AST)

          Debtor.
--------------------------------------------------------------X
HAROLD D. JONES, Chapter 7 Trustee,

          Plaintiff,    Adversary No.

v.

GAYLE R. HARDY THOMPSON,

          Defendant.
--------------------------------------------------------------X

## COMPLAINT

   Harold D. Jones (the "Trustee"), the chapter 7 trustee for the estate of Alice P. Belmonte

(the "Debtor"), hereby alleges as and for his complaint against Gayle R. Hardy Thompson

("Hardy" or the "Defendant") as follows:

## PARTIES

   1.  The Trustee is the duly elected chapter 7 trustee of the Debtor's estate, and has a

principal business address at 1 Old Country Road, Suite 384, Carle Place, NY 11514.

*2.*  Upon information and belief, Hardy maintains a residential address at 470 West 24th

Street, New York, New York 10011.

## VENUE AND JURISDICTION

   3.  This Court has subject matter jurisdiction over this proceeding under 28 U.S.C.

§§ 157 and 1334, and the Order dated December 5, 2012 entered by the United States District

Court for the Eastern District of New York referring "any or all cases under Title 11, and any or all proceedings arising under Title 11, or arising in or related to a case under Title 11 . . . to the Bankruptcy Judges for this District."

4.     This is a core proceeding under 28 U.S.C. § 157(b).  The Trustee consents to the entry of a final judgment by the Bankruptcy Court.

5.     Venue is proper under 28 U.S.C. §§ 1408 and 1409.

6.     The statutory prerequisites for the relief requested herein are 11 U.S.C. §§ 105(a), 544, 548, and 550.

## FACTUAL ALLEGATIONS

7.     On October 5, 2012 (the "Petition Date"), E.J. Elliott, George Kassianides, John E. Elliott, John E. Elliott Irrevocable Trust, Artemis Mellen Irrevocable Trust, Ted Eidsen, Gregory Roper, R&S Fields Limited Partnership Jefferson Investment LLC and James McCarthy (the "Petitioning Creditors") filed an involuntary petition for relief against the Debtor pursuant to 11 U.S.C. § 303(b).

8.     On April 25, 2013, this Court entered an Order for Relief against the Debtor.

9.     The initial Section 341 meeting of creditors was scheduled for and occurred on June 5, 2013.  At that meeting, all of the creditors present voted to elect the Trustee, and the meeting was thereafter adjourned with no substantive questioning of the Debtor taking place.

10.     By Notice of Appointment dated June 14, 2013, the Trustee was formally appointed as the chapter 7 trustee for the Debtor's estate.

11.     During the six (6) years prior to the Petition Date (the "Recovery Period"), the Debtor made at least one transfer (the "Transfer"), identified on Exhibit A hereto, totaling $251,667.00, to the Defendant.

12.     On information and belief, the Debtor made additional transfers of value to the Defendant during the Recovery Period.

13.     On information and belief, and based on the Trustee's investigation to date and conversations with law enforcement officials, prior to the Petition Date, the Debtor engaged in at least three lines of business: (i) operating a solo law practice; (ii) making various investments in distressed real estate on her own behalf and/or on behalf of her clients and other connections; and (iii) operating a Ponzi-type scheme pursuant to which she defrauded her supposed clients and customers of money and property.

## BADGES OF FRAUD

14.     Based on the Trustee's review of the Debtor's business records, no reasonably equivalent value was provided to the Debtor by the Defendant for the Transfer.

15.     Upon information and belief, the Transfer was not made in the ordinary course of the Debtor's business.

16.     The Transfer is not reflected as business expenses in the Debtor's tax returns.

17.     Upon information and belief, based on, among other things, a review of the Debtor's filed schedules of assets and liabilities and the Debtor's tax returns for the years 2006 to 2011, at all times material to this proceeding, the Debtor was insolvent and/or was engaged in one or more businesses for which she had an unreasonably small capital and/or intended to incur debts beyond her ability to repay as such debts came due.

18.     On October 17, 2013, the Debtor was arrested pursuant to a 49-count indictment issued by the Supreme Court of the State of New York, County of New York, which alleges, among other things, that the Debtor engaged in a scheme to defraud, and committed grand larceny against, certain creditors of her estate.

19.     On June 11, 2014, the Debtor entered a guilty plea pursuant to the indictment, including the counts of grand larceny and engaging in a scheme to defraud certain creditors of her estate.

20.     In November 2012, the Debtor tendered her resignation to the New York State Supreme Court Appellate Division, Second Department, and admitted, in the words of the Second Department, that:

> She is the subject of four sua sponte complaints based upon notices from the Lawyer's Fund for Client Protection, relative to six dishonored escrow checks which are under investigation by the Grievance Committee for the Tenth Judicial District . . . In addition, Belmonte is aware of four additional matters under investigation, in which it is alleged that she misused funds being held in her escrow account.  Belmonte acknowledges that she could not defend herself on the merits against charges predicated on the foregoing complaints.

In the Matter of Alice Phillips Belmonte, 2012-10689 (2d Dep't Feb. 27, 2013).

21.     The Trustee's investigation of the Debtor's financial affairs to date has revealed a substantial number of bank accounts held in her name that are not disclosed in her filed schedules and statements of financial affairs, which were used to transfer millions of dollars to various payees, including the Defendant.

22.     The Transfer was not disclosed in the Debtor's filed statement of financial affairs.

### COUNT I
### (Intentional Fraudulent Conveyance: 11 U.S.C. § 544(b)(1); New York Debtor and Creditor Law § 267)

23.     The Trustee hereby incorporates and realleges paragraphs 1 through 22 as if fully set forth herein.

24.     There exists at least one creditor holding a claim that is allowable under 11 U.S.C. § 502, who would have standing to assert a claim under New York Debtor and Creditor Law §267.

25.     On information and belief, including the badges of fraud enumerated above, and the sheer magnitude of the Transfers, the Trustee alleges that the Transfer was made by the Debtor with the actual intent to hinder, delay or defraud her creditors.

26.     The Trustee is therefore entitled to avoid the Transfer.

### COUNT II
**Constructive Fraudulent Conveyance: 11 U.S.C. § 544(b)(1);**
**New York Debtor and Creditor Law § 273)**

27.     The Trustee hereby incorporates and realleges paragraphs 1 through 26 as if fully set forth herein.

28.     Upon information and belief, there exists at least one creditor holding a claim that is allowable under 11 U.S.C. § 502 who would have standing to assert a claim under New York Debtor and Creditor Law §273 with respect to the Transfer.

29.     Upon information and belief, the Debtor was insolvent throughout the entire Reachback Period.

30.     Upon information and belief, the Defendant did not provide fair consideration for the Transfer.

31.     The Trustee is therefore entitled to avoid the Transfer.

### COUNT III
**Constructive Fraudulent Conveyance: 11 U.S.C. § 544(b)(1);**
**New York Debtor and Creditor Law § 274)**

32.     The Trustee hereby incorporates and realleges paragraphs 1 through 31 as if fully set forth herein.

33.     Upon information and belief, there exists at least one creditor holding a claim that is allowable under 11 U.S.C. § 502 who would have standing to assert a claim under New York Debtor and Creditor Law §274 with respect to the Transfer.

34.     Upon information and belief, the Debtor was engaged in one of more business endeavors for which she had an unreasonably small capital throughout the entire Reachback Period.

35.     Upon information and belief, the Defendant did not provide fair consideration for the Transfer.

36.     The Trustee is therefore entitled to avoid the Transfer.

## COUNT IV
### (Constructive Fraudulent Transfer: 11 U.S.C. § 548(b)(1); New York Debtor and Creditor Law § 275)

37.     The Trustee hereby incorporates and realleges paragraphs 1 through 36 as if fully set forth herein.

38.     Upon information and belief, there exists at least one creditor holding a claim that is allowable under 11 U.S.C. § 502 who would have standing to assert a claim under New York Debtor and Creditor Law §275 with respect to the Transfer.

39.     Upon information and belief, the Debtor was intended or expected to incur debts beyond her ability to repay at the time the Transfer was made.

40.     Upon information and belief, the Defendant did not provide fair consideration for the Transfer.

41.     The Trustee is therefore entitled to avoid the Transfers made to the Defendant.

## COUNT V
### (Recovery of Avoided Transfers: 11 U.S.C. § 550)

42.     The Trustee hereby incorporates and realleges paragraphs 1 through 41 as if fully set forth herein.

43.     The Transfer was made to or for the benefit of the Defendant.

44.     The Defendant received the Transfer, and is the initial transferee of the Transfer.

45.     Accordingly, the Trustee is entitled to recover the value of the Transfer from the Defendant.

WHEREFORE, the Trustee respectfully requests that this Court enter judgment against the Defendant and in favor of the Trustee in an amount not less than $251,667.00 together with prejudgment interest, costs, and attorney's fees and such other and further relief as may be provided by law.

Dated:  Carle Place, New York
      April 17, 2015

Respectfully submitted,

JONES & SCHWARTZ, P.C.
Attorneys for the Chapter 7 Trustee

By:   /s/Harold D. Jones
     Harold D. Jones (HDJ-4652)
     One Old Country Road, Suite 384
     Carle Place, New York 11514
     (516) 873-8700

'

## **Exhibit A**

### **Payments**

7/28/2010                      $251,667.00

**Total**                      $251,667.00